UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY BLACKMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GAVIN NEWSOME, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:24-cv-01267-CDB (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND REQUIRE PLAINTIFF TO PAY THE $405.00 FILING FEE IN FULL<br><br>(Doc. 2)<br><br><u>FOURTEEN (14) DAY DEADLINE</u><br><br>Clerk of the Court to Assign a District Judge |

**I.    BACKGROUND**

Plaintiff Tony Blackman is a state prisoner proceeding *pro se* in this civil rights action filed under 42 U.S.C. § 1983. Plaintiff filed a complaint and a motion to proceed *in forma pauperis* on October 17, 2024. (Docs. 1, 2.)

Upon review of Plaintiff's prisoner litigation history and his complaint, the Court finds that Plaintiff had at least three "strikes" prior to filing the action and that Plaintiff was not in imminent danger of serious physical harm at the time he filed the action. Therefore, the Court recommends that Plaintiff's motion to proceed *in forma pauperis* ("IFP") (Doc. 2) be denied under 28 U.S.C. § 1915(g) and that Plaintiff be required to pay the $405.00 filing fee in full to

proceed with the action.

## II.     THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)

28 U.S.C. § 1915 governs proceedings *in forma pauperis* ("IFP").  The statute provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  This section is commonly referred to as the "three strikes" provision. *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).  "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) ("*Cervantes*") (holding that "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule").  The objective of the Prison Litigation Reform Act is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

Not all dismissed cases qualify as a strike under section 1915(g). *King*, 398 F.3d at 1121. In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing court's action and the reasons underlying it." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013).  "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim." *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted).

Once a prisoner has accumulated three strikes, he is prohibited by 28 U.S.C. § 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051–52 (noting section 1915(g)'s exception for IFP complaints that "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").  To meet this burden, Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury."

*Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. *Herbaugh v. San Diego Sheriff's Dep't*, No. 3:18-cv-01899-JLS-NLS, 2018 WL 5024802, at *2 (S.D. Cal. Oct. 17, 2018) (quoting *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998)). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002); *see Blackman v. Mjening*, 1:16-cv-01421-LJO-GSA (PC), 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016) ("Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical.").

Additionally, to qualify for the imminent danger exception, the plaintiff must show a nexus between the imminent danger alleged and the claims asserted.

> In deciding whether such a nexus exists, [the court] will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury. The three-strikes litigant must meet both requirements in order to proceed [*in forma pauperis*].

*Stine v. Fed. Bureau of Prisons*, No. 1:13-cv-1883-AWI-MJS, 2015 WL 5255377, at *3 (E.D. Cal. Sept. 9, 2015) (quoting *Pettus v. Morgenthau*, 554 F.3d 293, 298-99 (2d Cir. 2009)). Because Plaintiff is *pro se*, in making the imminent danger determination the Court must liberally construe Plaintiff's allegations. *Cervantes*, 493 F.3d at 1055 (9th Cir. 2007).

Upon a finding that the plaintiff is barred by the three strikes provision of 28 U.S.C. § 1915(g), the proper procedure is to dismiss the case without prejudice because the filing fee is required when the action is initiated. *Campbell v. Vance*, No. CIV S-05-1163 RRB, 2005 WL 3288400, at *1 (E.D. Cal. Nov. 30, 2005) (citing *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002)). A plaintiff may still pursue his claims if he pays the civil and administrative filing fees required by 28 U.S.C. § 1914(a).

**III.   DISCUSSION**

    **A.   Three Strikes Provision**

The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980). Here, the Court takes judicial notice of the following cases filed by Plaintiff

3

and dismissed for failure to state a claim, each of which counts as a "strike":[1]

  (1) *Blackman v. Hartwell*, No. 1:99-cv-5822-REC-HGB (E.D. Cal.) (case dismissed on March 12, 2001 for failure to state a claim);

  (2) *Blackman v. Medina*, No. 3:05-cv-05390-SI (N.D. Cal.) (case dismissed on March 13, 2006 for failure to state a claim);

  (3) *Blackman v. Variz*, No. 3:06-cv-6398-SI (N.D. Cal.) (case dismissed on December 18, 2006 for failure to state a claim);

  (4) *Blackman v. Taxdhal*, No. 1:04-cv-06389-AWI-NEW (E.D. Cal.) (case dismissed on May 18, 2007 for failure to state a claim);

  (5) *Blackman v. Mazariegos*, No. 3:06-cv-7625-SI (N.D. Cal.) (case dismissed on September 4, 2007 for failure to state a claim);

  (6) *Blackman v. Mazariegos*, No. 3:07-cv-2021-SI (N.D. Cal.) (case dismissed on September 5, 2007 for failure to state a claim); and

  (7) *Blackman v. Evans*, No. 1:06-cv-00081-GSA-PC (E.D. Cal.) (case dismissed on February 3, 2009 for failure to state a claim).

 Based on the foregoing, the Court finds that Plaintiff had at least three "strikes" prior to filing this action. Plaintiff is therefore subject to the section 1915(g) bar, and he is precluded from proceeding IFP in this action unless, at the time he filed his complaint, he was under imminent danger of serious physical injury. *See Cervantes*, 493 F.3d at 1052–53.

  **B.** **Imminent Threat Exception**

 The section 1915(g) exception applies if the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time of filing. 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1055. Plaintiff's complaint (Doc. 1) makes no such showing.

 The Court has reviewed Plaintiff's complaint for this action and finds that Plaintiff does not meet the imminent danger exception. *See Cervantes*, 493 F.3d at 1053. In the complaint, to the extent it is comprehensible, Plaintiff alleges that Defendants rejected his appeals, denied him access to the law library, retaliated against Plaintiff and involuntarily transferred him to a

---

[1] This list is non-exhaustive.

different facility, and falsely imprisoned him. (Doc. 1 at 5-8). The complaint is devoid of any showing that Plaintiff was under imminent danger of serious physical injury at the time he filed the complaint. Plaintiff's application for leave to proceed *in forma pauperis* must therefore be denied pursuant to § 1915(g). Plaintiff must submit the appropriate filing fee in order to proceed with this action.

### III.     CONCLUSION AND RECOMMENDATION

Plaintiff is a "three-striker" and does not appear to have been in imminent danger when he filed this action.

Accordingly, the Clerk of the Court is DIRECTED to randomly assign a U.S. district judge to this action.

Further, it is RECOMMENDED that:

1.     Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be denied; and

2.     Plaintiff be ordered to pay the $405.00 filing fee in full if he wants to proceed with this action.[2]

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. **Any pages filed in excess of the 15-page limitation may be disregarded** by the District Judge when reviewing these Findings and Recommendations

---

[2] This Court has denied Plaintiff's IFP status in numerous other cases. *See, e.g., Blackman v. Pollard,* No. 2:21-cv-0164-JAM-KJN (E.D. Cal. June 2, 2021); *Blackman v. Dixon*, 2:18-cv-0079-KJM-AC (E.D. Cal. Aug. 1, 2019); *Blackman v. Skelton,* No. 2:18-cv-3273-MCE-EFB (E.D. Cal. June 17, 2019); *Blackman v. Voong,* No. 2:18-cv-0216-TLN-AC (E.D. Cal. Mar. 16, 2018). Typically, in such cases, the Court ordered Plaintiff to pay the filing fee and dismissed the action for Plaintiff's failure to comply and pay the fee.

under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: __October 23, 2024__  _____
UNITED STATES MAGISTRATE JUDGE