# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY BLACKMAN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>GAVIN NEWSOME, *et al.*,<br><br>　　　　　Defendants. | Case No.: 1:24-cv-01267 JLT CDB (PC)<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO PAY FILING FEE |

On November 19, 2024, the Court found Plaintiff is subject to the three strikes bar of 28 U.S.C. § 1915, and he was not in imminent danger of serious physical injury. (Doc. 7.) Therefore, the Court ordered Plaintiff to pay the filing fee to proceed with this action. (*Id.* at 2.) Despite the Court's warning that failure to pay the filing fee would result in dismissal (*id.*), Plaintiff failed to pay the required fee. Without such payment, the action cannot proceed before the Court. *See Saddozai v. Davis*, 35 F.4th 705, 709 (9th Cir. 2022).

In finding dismissal is appropriate for the failure to pay the filing fee, the Court also considered the factors outlined by the Ninth Circuit for terminating sanctions, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). The public's interest in expeditiously resolving this litigation and the

Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). Because Plaintiff delayed the action though his failure to obey the Court's order denying his application to proceed *in forma pauperis*, the third factor also supports dismissal. Further, the Court warned that "[f]ailure to pay the required filing fee as ordered will result in dismissal of the action without prejudice" (Doc. 7 at 2, emphasis omitted), and the Court need only warn a party once that the matter could be dismissed to satisfy the requirement of considering alternative sanctions. *Ferdik*, 963 F.2d at 1262. Thus, the *Henderson* factors weigh in favor of dismissal for Plaintiff's failure to pay the filing fee as ordered. *Malone v. U.S. Postal Service*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (explaining that although "the public policy favoring disposition of cases on their merits … weighs against dismissal, it is not sufficient to outweigh the other four factors").

      Based upon the foregoing, the Court **ORDERS**:

    1.    This action is **DISMISSED** without prejudice.

    2.    The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated: **January 7, 2025**

_____
UNITED STATES DISTRICT JUDGE